IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EVA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:11-03390-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Eva Miller seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and application for supplemental security income based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq.* In her initial application, Plaintiff contended that she was disabled due to osteoarthritis in her hips, fibromyalgia, anxiety, and migraines. The Administrative Law Judge ("ALJ") denied Plaintiff's applications, finding that she met the criteria for disability under two different listings, but excluding the effects of her substance abuse, she was not disabled under the listings. The ALJ determined she retained the residual functional capacity ("RFC") to perform routine, repetitive light work with no significant social interaction.

After carefully reviewing the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her applications on June 26, 2008 alleging a disability onset date of May 1, 2007. The Commissioner initially denied her applications. Following a hearing before the ALJ, the ALJ denied Plaintiff's applications on June 25, 2010. The Appeals Council denied Plaintiff's request for review on August 16, 2011, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law and whether the findings of fact are supported

by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process.[1]

Plaintiff argues the ALJ erred by: (1) failing to perform a proper drug and alcohol analysis; (2) not giving controlling weight to the opinion of Plaintiff's treating psychologist; and (3) failing to properly analyze Plaintiff's credibility. These arguments are without merit.

**A.     The ALJ properly evaluated Plaintiff's substance abuse.**

Plaintiff first argues that the ALJ failed to properly evaluate her drug and alcohol abuse. Plaintiff contends the ALJ failed to identify any evidence showing her mental limitations would improve if she stopped abusing alcohol and drugs.

Under the Act, an individual is not disabled if alcoholism or drug addiction is a contributing factor material to the determination that the claimant is disabled. 42 U.S.C. § 423 (d)(2)(C) (disability insurance benefits); 42 U.S.C. § 1382c(a)(3)(J) (supplemental security income). The claimant bears the burden of proving that her alcoholism or drug addiction is not a contributing factor. *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). If the ALJ is unable to determine whether substance abuse is a contributing factor to the claimant's disability, the ALJ must award benefits. *Id.* In order to find substance abuse is a contributing factor material to the disability determination, the ALJ must find: (1) the claimant is disabled; (2) drug or alcohol

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

use is a concern; and (3) substantial evidence on the record shows that substance use is a contributing factor material to the disability determination. *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). If it is unclear whether substance abuse is a contributing factor, "an award of benefits must follow." *Id.*

Here, the ALJ found that when Plaintiff's substance abuse was considered, she met the requirements of listings 12.04 and 12.09 in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. R. at 14. The ALJ found that absent the effects of Plaintiff's substance abuse, Plaintiff would continue to have severe impairments but would no longer qualify as disabled under either listing. R. at 14-15. Plaintiff would have only mild restriction of her daily living activities; moderate difficulty maintaining social functioning; moderate difficulty maintaining concentration, persistence, and pace; and no episodes of decompensation; and Plaintiff could perform past relevant work as a housekeeper. R. at 13, 21.

Ample evidence in the record supports these findings. As the ALJ noted, when Plaintiff was hospitalized and did not have access to alcohol, her global assessment of functioning ("GAF") scores improved quickly and showed only mild to moderate limitations. When Plaintiff was hospitalized in September 2008, after six days in the hospital and no alcohol use, Plaintiff had a GAF score of 60 which indicates only mild to moderate symptoms. T. at 17, 440, 590; American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994) (DSM-IV). Similarly, when Plaintiff was discharged from her hospital stay in October 2008, her GAF score was 65. R. at 18, 669. And after Plaintiff was hospitalized for five days in March 2009 for overdosing on prescription medication, her GAF score was 70. R. at 18, 532, 535. These three episodes are evidence supporting the ALJ's finding that substance abuse was a material factor contributing to Plaintiff's disability.

4

The ALJ's finding is further supported by the State agency psychologists' opinions and the consultative examiner's report. Dr. Stanley Hutson, Ph.D., reviewed Plaintiff's records and opined that if Plaintiff stopped abusing alcohol she would have only moderate limitations in maintaining concentration for extended periods, working in coordination with others, interacting appropriately with the public, responding appropriately to changes in the work setting, and setting realistic goals. R. at 18, 473. Dr. Kenneth Bowles, Ph.D., also reviewed Plaintiff's records and noted that if Plaintiff's substance abuse was not considered, she would have only mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. R. at 19, 588. Finally, Dr. Frances Anderson, Psy.D., performed a consultative psychological examination of Plaintiff on April 21, 2010. R. at 19, 724-25. She diagnosed Plaintiff with alcohol dependence in reported remission and depressive disorder with some major depressive features. R. 19, 727. As the ALJ noted, Dr. Anderson assessed Plaintiff's GAF at 60 and opined that Plaintiff could understand and remember moderately complex instructions, sustain concentration, persistence and pace on moderately complex tasks, and interact socially. R. at 19-20, 727.

Given all of the above evidence of record, the Court cannot say that the ALJ erred in determining Plaintiff's alcohol abuse was a material factor contributing to her disability.

**B.     The ALJ properly weighed the opinion of Plaintiff's treating psychologist.**

Plaintiff also argues that the ALJ erred by not giving controlling weight to the opinion of her treating psychologist, Dr. Becky Hartley, Psy.D. Plaintiff contends the ALJ's analysis of Dr. Hartley's opinion is not based on substantial evidence.

5
Case 6:11-cv-03390-DGK   Document 16   Filed 03/19/13   Page 5 of 8

The ALJ discounted Dr. Hartley's opinion because it was based primarily on Plaintiff's own complaints which the ALJ found were not credible, and because Dr. Hartley's opinion was inconsistent with the record as a whole. R. at 21. As discussed below in section "C", the ALJ did not err in finding Plaintiff was not credible, thus the ALJ rightly discounted Dr. Hartley's opinion which was based on Plaintiff's self-reported complaints. Also, ample evidence supports the ALJ's conclusion that Dr. Hartley's opinion is inconsistent with the record as a whole.

Dr. Frances Anderson, Psy.D., who performed Plaintiff's consultative examination, found she was capable of performing at least simple, routine work. R. at 727. This finding is consistent with the State agency psychologists' examinations. R. at 459-73, 577-91. The Eighth Circuit has repeatedly stated that "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (quotation omitted).

Dr. Hartley's opinion is also arguably inconsistent with her own treatment notes. On April 26, 2010, she noted Plaintiff had good motivation and was able to focus. R. at 740. Dr. Hartley also noted that bipolar disorder could be exacerbated with alcohol use and that bipolar disorder is not necessarily disabling. R. at 21, 750. Additionally, Dr. Hartley's report consisted of "X" marks on a pre-printed form with no explanation, nor did it cite any test results, observations, or findings. R. at 735-36. Such forms are of limited value in evaluating a claimant's disability. *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011), *Wildman*, 596 F.3d at 964. Thus, the ALJ did not err in discounting Dr. Hartley's opinion.

6
Case 6:11-cv-03390-DGK   Document 16   Filed 03/19/13   Page 6 of 8

## C. The ALJ did not err in evaluating Plaintiff's credibility.

Finally, Plaintiff argues that the ALJ failed to properly analyze her credibility. Plaintiff contends the ALJ simply summarized the objective evidence and failed to provide any analysis linking this evidence to the conclusion that Plaintiff was not credible.

The ALJ properly discounted Plaintiff's credibility because Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the record. As a threshold matter, the credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In considering the credibility of Plaintiff's subjective claims, an ALJ is required to examine: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [the court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Here, the ALJ properly noted several inconsistencies in the record which weigh against Plaintiff's credibility. In February 2009, Plaintiff went to the emergency room with two other patients from the facility where she was staying. R. at 620. Due to multiple inconsistencies in Plaintiff's story, the emergency room doctor reported her visit was "suspicious for narcotic-seeking behavior." R. at 621. The ALJ rightly noted this observation, R. at 19, which hurts Plaintiff's credibility. *Marrotte v. Barnhart*, 107 F.App'x. 14, 16 (8th Cir. 2004). Additionally, during one hospital stay, testing showed that Plaintiff tended to portray herself in an especially negative or pathological manner and tended to exaggerate her symptoms. R. at 670, 725. And in

7

evaluating a claimant's credibility, the ALJ may properly consider any exaggeration of her symptoms. *Jones v. Callahan*, 122 F.3d 1148, 1152 (8th Cir. 1997).

The ALJ also rightly noted that despite her allegations of disability, Plaintiff engaged in fairly normal daily activities. R. at 20. Plaintiff reported walking her dog, performing household chores such as vacuuming and dusting, doing laundry, doing yard work, driving and riding in a car, going out alone, shopping for groceries, preparing meals, watching television, and reading. R. at 194, 196-97, 726. She could also count change, pay bills, and follow instructions. R. at 194, 196-97. Such acts "are inconsistent with subjective complaints of disabling pain" and "reflect negatively upon the claimant's credibility." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (quotation omitted).

Finally, Plaintiff admitted at the administrative hearing that she did not take her medications as prescribed, which worsened her depression. R. at 33. Noncompliance with treatment is an appropriate factor to consider in the credibility analysis. *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

Consequently, because the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony and because substantial evidence in the record as a whole supports his finding, there is no error here. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: March 19, 2013  /s/ Greg Kays
　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT